CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 5 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARNEY LEE COLEMAN, a.k.a. GARNIE LEE COLEMAN, Petitioner, | ) ) ) | Civil Action No. 7:07-cv-00007 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| GENE M. JOHNSON, Respondent. | ) ) | By: Samuel G. Wilson United States District Judge |

Petitioner, Garney Lee Coleman, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Coleman claims that he is entitled to two years of jail-time credit on his sentence of imprisonment. This matter is before the court on respondent's motion to dismiss. Respondent argues that Coleman's petition is untimely, with no grounds for equitable tolling, and that the claim is procedurally barred because the state court dismissed it as untimely. The court finds that even if Coleman's claim was timely filed and not barred, it would nevertheless fail on the merits. Therefore, the court grants respondent's motion to dismiss.

I.

On October 29, 1998, the Buchanan County Circuit Court ("Circuit Court") sentenced Coleman to ten years, all suspended, for manufacturing marijuana. On March 2, 1999, the Circuit Court found Coleman in violation of the terms of his probation and revoked one year of his suspended sentence. On September 11, 2001, the Circuit Court again found Coleman in violation of the terms of his probation and revoked another year of his suspended sentence. On June 4, 2003, the Circuit Court found Coleman in violation of the terms of his probation yet again and revoked the balance of his sentence. In its order, the Circuit Court determined the balance of his sentence to be 9 years, reflecting credit for only one of the two 12-month sentences he served as a result of the previous revocations of his suspended sentence.[1] Coleman did not appeal any of these judgments.

---

[1] This calculation of his sentence was later corrected by the Virginia Department of Corrections as noted herein.

On July 16, 2003, the state took Coleman into custody from the local jail. The Virginia Department of Corrections ("VDOC") computed his record based on a 9-year total sentence as imposed by the Circuit Court and, in addition, applied jail-time credit of 104 days, reflecting time he spent in the Buchanan County Jail from April 3, 2003 to July 16, 2003. The VDOC sent Coleman a copy of his "legal update," reflecting his 9-year sentence and the jail-time credit, on August 12, 2003.[2]

Coleman filed a state habeas petition on February 21, 2006, alleging that he should be given two years of jail-time credit for the time he served when his suspended sentence was revoked. The Supreme Court of Virginia denied his petition as untimely. He then filed his federal habeas petition on January 4, 2007, arguing that he "was not [credited] some 2 years imprisonment" on his sentence. He supports his argument by claiming that the state "admits" by affidavit that he has served two 12-month sentences on his original 10-year sentence. He argues that these two 12-month periods should be credited toward the 9-year sentence that the court imposed on June 4, 2003.[3]

On March 8, 2007, after Coleman filed this action, the VDOC updated Coleman's time computation record giving him an additional jail-time credit for the period of August 8, 2001 to May 31, 2002, reflecting time he spent in the local jail when his suspended sentence was revoked the second time on September 11, 2001.

---

[2] A review of the record indicates that Coleman spent the following time in jail prior to his transfer to state custody: August 31, 1998 to September 4, 1998 (4 days); February 1, 1999 to December 24, 1999 (325 days); August 8, 2001 to May 31, 2002 (296 days); and April 3, 2003 to July 16, 2003 (104 days). At the time of his legal update on August 12, 2003, Coleman was credited 104 days for the time he spent in jail from April 3, 2003 to July 16, 2003. In addition, the state court order, dated June 4, 2003, took into account credit for 1-year of the time he spent in jail (by stating that the balance of his 10-year sentence was now 9 years). Presumably, this 1-year credit accounted for the time Coleman spent in jail from August 31, 1998 to September 4, 1998 (4 days) and February 1, 1999 to December 24, 1999 (325 days), for a total of 329 days. Accordingly, as of his legal update dated August 12, 2003, the only jail time Coleman had not received any credit for was the 296 days he spent in jail from August 8, 2001 to May 31, 2002, and even that has now been credited toward his sentence pursuant to the legal update dated March 8, 2007. Coleman has not presented any evidence that he should be credited for any time period(s) other than those listed above.

[3] It appears that Coleman believes that he should only have a 7-year balance remaining on his sentence. The court finds no merit to this argument. Coleman's original sentence was 10 years and 2 years were revoked at two separate revocation proceedings. Therefore, the balance remaining on his suspended sentence at the time he entered state custody should have been 8 years.

2

## II.

Although Coleman's claim under § 2254 is untimely and procedurally barred,[4] it also has no merit.[5] Coleman seeks credit for the two 12-month sentences he received as a result of the revocations of his suspended sentence on March 2, 1999 and September 11, 2001. The time Coleman spent in jail based on the first revocation was indirectly credited to him through the Circuit Court's order on June 4, 2003, where the court indicated that the remaining balance of his suspended sentence was 9 years of the original 10-year sentence. At that time, Coleman was still owed credit for the time he spent in jail for the second revocation of his suspended sentence (296 days). By legal

---

[4] A one-year statute of limitations applies to a federal petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). Under § 2244(d)(1)(D), the statute of limitations on Coleman's claim began to run on August 12, 2003, the date on which he received a copy of the legal update and in which exercise of due diligence would have led him to discover the alleged discrepancy. Coleman did not meet this one-year statute of limitations.

Accordingly, Coleman's petition under § 2254 is barred by the statute of limitations unless he demonstrates grounds for equitable tolling. Coleman has made no such demonstration. Coleman argues that his petition should be deemed timely because of "newly discovered evidence." Coleman claims that he did not know that he was not credited two years of jail-time until after he filed his state habeas petition; however, he raised the claim in his state petition and, therefore, must have known that the credit was not applied. Accordingly, the court finds that this allegation has no merit. Moreover, Coleman does not deny that he received a copy of his legal update on August 12, 2003 reflecting his 9-year sentence and application of 104 days of jail-time credit. Therefore, the court finds that Coleman's untimely discovery of the factual predicate of his claim was caused by his lack of due diligence, which does not warrant application of the equitable tolling doctrine. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Accordingly, the court finds that Coleman has not demonstrated any grounds for equitable tolling and, therefore, his petition is untimely under § 2254.

Furthermore, the claim is also procedurally barred. Section 2254(e)(1) creates a statutory presumption that the determination of a factual issue made by a state court is correct. Coleman filed a state habeas petition on February 21, 2006, arguing that he had not been credited for two years of jail-time. The Supreme Court of Virginia found Coleman's petition untimely and dismissed his action. Accordingly, the burden is on the petitioner to rebut the Supreme Court of Virginia's finding that his claim is time barred "by clear and convincing evidence." The court finds that Coleman has made no such showing and, therefore, his petition is also procedurally barred in this court.

[5] The court recognizes that, where a state inmate is challenging the execution of his state court sentence, circuit courts are split on whether 28 U.S.C. § 2241 or § 2254 is the proper statute under which a state inmate should proceed. See Gregory v. Coleman, No. 06-6646, 2007 U.S. App. LEXIS 3729 (4th Cir. Feb. 20, 2007), noting circuit split and comparing White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004) ("adopt[ing] majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction"), with Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence).

The advantage to Coleman of bringing this action under § 2241 would be that the statute of limitations applicable in § 2254 cases does not apply in § 2241 cases and, thus, would not bar his claim. See Copson v. Virginia Parole Board, No. 98-7832, 2000 U.S. App. LEXIS 22966 (4th Cir. Sept. 12, 2000), but see Tijerina v. Utah State Board of Pardons, et al., 177 Fed. Appx. 782 (10th Cir. 2006) (statute of limitations established in § 2244(d) applies to both § 2241 and § 2254 cases); Allen v. White, 185 Fed. Appx. 487 (6th Cir. 2006) (while the Sixth Circuit has permitted state prisoners to proceed under § 2241, they are still subject to the restriction imposed by § 2254); People v. Chatman, 393 F.3d 1352 (11th Cir. 2004) (inmates imprisoned pursuant to state court judgment and proceeding under § 2241 are still subject to § 2254 and "all of its attendant restrictions"); Owens v. Boyd, 253 F.3d 356 (7th Cir. 2000) (§ 2244(d)(1) applies to every "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court" and does not distinguish between applications under § 2241 and those under § 2254); Jameson v. Butler, 44 Fed. Appx. 104 (9th Cir. 2000) (a § 2241 petition brought by state inmate is subject to one-year statute of limitations under § 2244(d)(1)). However, Coleman's claim has no merit and, therefore, the court will not construe his petition under § 2241.

3

update dated March 8, 2007, the VDOC gave Coleman credit for 296 days, reflecting the time he spent in jail for the second revocation. Coleman has not shown that he spent any other time in jail other than those times listed in this opinion. Accordingly, the court finds that Coleman has been credited for all the jail-time he served, and he is not entitled to any other jail-time credit.[6] Therefore, in light of his new legal update, Coleman's claim has no merit.

### III.

For the foregoing reasons, the court grants respondent's motion to dismiss and dismisses Coleman's petition.

**ENTER**: This July 25, 2007

United States District Judge

---

[6] To summarize, Coleman spent the following time in jail prior to his transfer to state custody and received the following jail-time credits:

1. August 31, 1998 to September 4, 1998 (4 days): credit, in effect, acknowledged by state court order, dated June 4, 2003, when the Circuit Court took into account credit for one year of the time he spent in jail (by stating that the remaining balance of his 10-year sentence was now 9 years);

2. February 1, 1999 to December 24, 1999 (325 days): credit, in effect, acknowledged by state court order, dated June 4, 2003, when the Circuit Court took into account credit for one year of the time he spent in jail (by stating that the remaining balance of his 10-year sentence was now 9 years);

3. August 8, 2001 to May 31, 2002 (296 days): credit acknowledged in legal update dated March 8, 2007; and

4. April 3, 2003 to July 16, 2003 (104 days): credit acknowledged in legal update dated August 12, 2003.

4